UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GEORGE BETTERS,<br>    Plaintiff,<br><br>v.<br><br>JAMES MOE, In His Individual Capacity. JEAN EMBREY, In Her Individual Capacity, COLIN POWELL, In His Individual Capacity, KATHLEEN LYONS, In Her Individual and Official Capacity, and LYNDA AUL, In Her Individual and Official Capacity,<br>    Defendants. | C.A. No. 24-cv-00248-MRD-AEM |

MEMORANDUM & ORDER

Melissa R. DuBose, United States District Judge.

Plaintiff George Betters, a former inmate at the Rhode Island Department of Corrections ("RIDOC") has sued four correctional officials, seeking compensatory and punitive damages as a result of alleged violations under the Eighth and Fourteenth Amendments of the U.S. Constitution, as well as under common law for assault and battery. (ECF No. 1.) Additionally, Mr. Betters is seeking declaratory, injunctive relief, and requests an expungement of the results of his disciplinary hearings. *Id.*

The State Defendants are Jean Embrey and Colin Powell, in their individual capacities, as well as Kathleen Lyons and Lynda Aul in their official and individual

capacities ("Defendants").[1]  (ECF No. 1 ¶¶ 4–8.)  Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserting that (1) Mr. Betters failed to allege any plausible violations under the Eight and Fourteenth Amendments; (2) qualified immunity bars liability for Defendants in their individual capacities; (3) Mr. Betters failed to meet the elements for a preliminary injunction; and (4) he failed to plausibly allege his state claims for assault and battery.  (ECF No. 10.)  For the reasons explained below, Defendants' Motion is DENIED in part and GRANTED in part.

I. BACKGROUND

Mr. Betters filed a wide-ranging Complaint.  The following discussion sets forth the pertinent facts as necessary.  Mr. Betters was detained at the RIDOC during the events alleged in the complaint but has since been released from custody on bail.  (ECF No. 8.)  In April 2023, Mr. Betters was processed at the Adult Correctional Institutions ("ACI"), at which time he voluntarily turned over contraband, in the form of cocaine.  (ECF No. 1 ¶ 9.)  He alleges that he was assured that no disciplinary action would be taken against him.  *Id.* ¶ 10–11. Twenty-five days later he was placed in segregation and issued a disciplinary charge for smuggling cocaine, in connection with those events.  *Id.* ¶ 16–17, 21.  He was subsequently charged and convicted with possession of cocaine and intent to convey cocaine into the ACI.  (ECF No. 10-1 at 2.)  This conviction is currently pending before the Rhode Island Superior Court.  *Id.*

---

[1] Defendant James Moe has not moved for dismissal, and the Court therefore limits its analysis to the remaining Defendants.

2

At his disciplinary hearing on the previously discussed incident, Mr. Betters requested to have several correctional officers called as witnesses, but his request was denied. (ECF No. 1 ¶¶ 22, 24.) At the hearing, Mr. Betters alleges that, pursuant to the "Amnesty Rule," the filing of the delayed disciplinary charge was impermissible.[2] *Id.* ¶ 23. Defendant Moe found Mr. Betters guilty and sentenced him to thirty days segregation. *Id.* ¶ 26. He later filed an administrative appeal, which Defendant Lyons denied. *Id.* ¶ 27–29.

After thirty days segregation, he further alleges that contraband was discovered in his cell, for which he received an additional sanction of fifteen days' segregation. *Id.* ¶¶ 30–31, 42. He asserts that his cellmate admitted to owning the contraband, but Defendant Embrey declined to consider such evidence and instead found him guilty. *Id.* ¶¶ 33–37, 42. During the disciplinary hearing concerning this incident, Defendant Embrey denied his request to call his cellmate as a witness. *Id.* ¶ 44.

Mr. Betters asserts that when a white cellmate admitted ownership of contraband, Defendant Embrey dismissed the charge against Mr. Betters, but when a black cellmate did so, Defendant Embrey upheld it and denied his appeal. *Id.* ¶¶ 38–43. He claims that, while in segregation, he was subjected to extended lockdowns and deprived of visitation, commissary and television privileges. *Id.* ¶¶ 47–48.

---

[2] Mr. Betters vaguely asserts that an informal "Amnesty Rule" allows detainees to surrender contraband during processing without disciplinary action but cites no authority to support its existence.

3

Mr. Betters alleges that on September 11, 2023, during a cell search dispute, Defendant Powell ordered him handcuffed. *Id.* ¶¶ 49–50. When he refused, Powell used OC or pepper spray and restrained him. *Id.* ¶ 51. After he complied, Powell sprayed him a second time, causing burning to his eyes, face, and neck, and swelling for a prolonged period. *Id.* ¶¶ 52–55. When he asked for the reason, the officer responded, "you got what you deserved." *Id.* ¶ 57.

## II.   STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may not consider "conclusory legal allegations." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Additionally, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996) (citations omitted). When reviewing the complaint, the court must draw all inferences in favor of the plaintiffs. *García-Catalán v. United States*, 734 F.3d 100, 102-03 (1st Cir. 2013).

## III.   DISCUSSION

For ease, the Court will address the allegations as they relate to each claim, noting the Defendant alleged to be responsible for each.

### A.     Fourteenth Amendment Claims Against Embrey, Lyons, and Aul

Mr. Betters alleges a Fourteenth Amendment violation based on Defendant Lyons' denial of his appeal from the first hearing, Defendant Embrey's refusal to permit witnesses and disregard of exculpatory evidence at the second hearing, and Defendant Aul's denial of his subsequent appeal.

To state a Fourteenth Amendment due process claim, an inmate must allege the deprivation of a life, liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The United States Supreme Court has explained that prisoners' liberty interests are "generally limited to freedom from restraint" imposing "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). To invoke the protections of the Due Process Clause, a Plaintiff must allege an infringement upon a protected liberty interest, such as one created by state regulation. *Id.* at 483–84.

First, Mr. Betters alleges that he was illegally placed in segregation for periods of thirty and fifteen days, and further subjected to twenty-three- to forty-eight-hour lockdowns. He also asserts that, while in segregation, he was denied commissary access and television privileges. Such allegations do not rise to the level of asserting a viable claim because they do not impose conditions that are "atypical" or a "significant deprivation." *See Sandin*, 515 U.S. at 486 (finding that thirty days in segregation was not atypical and significant hardship on inmate); *Akinrinola v. Wall,* No. 16-370, 2016 WL 6462203, at *2 (D.R.I. Oct. 31, 2016) ("The fact that Mr. Akinrinola was placed in disciplinary segregation does not, without allegations that

5

being in segregation caused an 'atypical and significant hardship' beyond the daily realities of being incarcerated in a prison environment, state a claim for relief under the Constitution." (quoting *Sandin*, 515 U.S. at 484)); *see Moore v. Begones*, No. 09–543–S, 2010 WL 27482, at *4 (D.R.I. Jan. 4, 2010) (concluding a claim challenging false disciplinary charges did not to implicate any liberty interests).

Second, Mr. Betters alleges that all three Defendants violated various RIDOC rules and protocols by subjecting him to an allegedly improper disciplinary action, filing a late disciplinary charge, denying his requests to call certain witnesses, and denying his appeal of the disciplinary charges.

As stated above, the Due Process Clause does not create a liberty interest in remaining in the general population and avoiding a thirty-day period of segregation. *See Sandin*, 515 U.S. at 484; *see also DiCiantis v. Wall*, 795 A.2d 1121, 1126 (R.I. 2002) (finding that, under *Sandin*, there is no constitutional liberty interest in prison disciplinary proceedings absent an "atypical and significant hardship . . . imposed on the prisoner").

Therefore, the Court grants the Defendants' motion to dismiss the due process claims brought against them.

### B.   Equal Protection Violation Claim Against Defendant Embrey

Mr. Betters alleges that Defendant Embrey violated his Fourteenth Amendment right to equal protection when Embrey did not dismiss a contraband charge against him because his cellmate who admitted to owning the contraband was black. Mr. Betters alleges that, in a similar incident, a charge against him was

dismissed when his white cellmate admitted to owning contraband. Beyond that general allegation, however, the Complaint fails to point to specific facts in support of a plausible equal protection claim.

"Under the Equal Protection Clause, persons similarly situated must be accorded similar governmental treatment." *Marrero–Gutierrez v. Molina,* 491 F.3d 1, 9 (1st Cir. 2007). To state a claim for an equal protection violation, a plaintiff must allege that "compared with others similarly situated, she was selectively treated based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Id.* (citing *Rubinovitz v. Rogato*, 60 F.3d 906, 910 (1st Cir. 1995) (cleaned up)). Whether a plaintiff is "similarly situated" with others is a fact intensive, contextual inquiry: "the test is whether a prudent person, looking objectively at the incidents, would think them roughly equivalent and the protagonists similarly situated." *SBT Holdings, LLC v. Town of Westminster,* 547 F.3d 28, 34 (1st Cir. 2008) (quoting *Barrington Cove Ltd. P'ship v. Rhode Island Housing and Mortgage and Finance Corp.*, 246 F.3d 1, 8 (1st Cir. 2001)).

Even liberally construing the Complaint, Mr. Betters has not alleged facts plausibly suggesting a violation of his right to equal protection. Mr. Betters' assertion that his discipline was the outcome of his cellmate's race falls shorts of the threshold requirement to show that he, himself, was treated differently from similarly situated individuals. *See id.*

For this reason, Mr. Betters' equal protection claim against Defendant Embrey is dismissed.

### C.  Eight Amendment Claim Against Defendant Powell

Mr. Betters also brings an excessive use of force claim under the Eighth Amendment, alleging that Defendant Powell's second application of pepper spray (after Betters was restrained in cuffs) was malicious and resulted in the burning of his eyes, face and neck and led to swelling.

The Eighth Amendment commands that "cruel and unusual punishments [shall not be] inflicted" by the government. U.S. Const. amend. VIII. It is well established that excessive physical force against a prisoner may constitute cruel and unusual punishment. *See Hudson v. McMillian*, 503 U.S. 1, 4 (1992). "[T]he use of pepper spray by prison officials against a detained person when that person is no longer resisting and no longer presents any reasonable safety threat is an Eighth Amendment violation." *Segrain v. Duffy*, 118 F.4th 45, 66 (1st Cir. 2024) (citing *Irish v. Fowler*, 979 F.3d 65, 76 (1st Cir. 2020)). Excessive force claims also require the plaintiff to establish that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation," *id.* at 56 (quoting *Hudson*, 503 U.S. at 8), and that the defendant applied force "maliciously and sadistically," rather than "in a good faith effort to maintain or restore discipline," *id.* at 56 (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Based on the facts alleged, the Court determines Mr. Betters has plausibly alleged Defendant Powell's use of pepper spray after restraint was excessive. Mr.

Betters concedes that he did engage in an argument with Defendant Powell. He asserts that, during this time and without reason, Powell requested that he "cuff up" which Betters refused to do and Powell pepper sprayed him once as a result. Once he was pepper sprayed, he complied with all orders and did not resist restraints. He further alleges that while lying down on his stomach in restraints, Powell sprayed him once more. The facts presented do not establish that he received any orders at that time to warrant the second application of pepper spray.

Defendant Powell asserts that the force used was "de minimis use of physical force" which caused only minor and temporary pain and discomfort and is typical after pepper spray. Further, Powell states that the actions taken were in good faith effort to restore discipline.

The First Circuit has long recognized that "excessive use of tear gas by prison officials can amount to an Eighth Amendment violation." *Torres-Viera v. Laboy-Alvarado*, 311 F.3d 105, 108 (1st Cir. 2002). Recently, the First Circuit considered an analogous pepper-spray incident, applying the case-law from *Torres-Viera*. *Segrain*, 118 F.4th at 60. In *Segrain*, a second burst of pepper spray was used after the Plaintiff had been restrained and disarmed, which the court found constituted more than de minimis force under the Eighth Amendment. In that case, the court discussed the sequence of events, and emphasized that the plaintiff had dropped the razor, which was out of reach before the second pepper spray was applied.

This precedent supports the Court's conclusion that Mr. Betters has plausibly alleged that Defendant Powell's action exceeded a "de minimis use of force." In the

9

present case, the circumstances were similar. The Plaintiff was fully restrained and compliant when Defendant Powell applied a second burst of pepper spray. Accordingly, Defendant Powell's motion to dismiss the Eighth Amendment claim is denied.

### D. State Law Claim for Assault and Battery Against Defendant Powell

Under Rhode Island law, battery is "an act that was intended to cause, and does cause, an offensive contact with or unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." *Fenwick v. Oberman*, 847 A.2d 852, 855 (R.I. 2004). Mr. Betters alleges that Powell intentionally pepper sprayed him while he was restrained, thereby causing offensive physical contact sufficient to satisfy the elements of assault and battery. For the reasons discussed above, Mr. Betters has stated a plausible claim for assault and battery against Defendant Powell.

### E. Injunction against Defendant Powell and Expungement

Mr. Betters seeks an emergency injunction prohibiting Defendant Powell from "any further physical abuse or any harassment." (ECF No. 1 at 13.)

Injunctive relief is an appropriate equitable remedy where the plaintiff can show he will suffer a "likelihood of substantial and immediate irreparable injury" if an injunction is not granted. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). Defendants assert that Mr. Betters is not entitled to injunctive relief because he has not alleged any ongoing or

prospective violations of his rights. Defendants maintain that having been released from incarceration, Mr. Betters faces no risk of continuing or future harm.

Mr. Betters is no longer incarcerated at the ACI but seeks injunctive relief against Defendant Powell. Therefore, Mr. Betters requested injunctive relief is moot.[3]

Further, Mr. Betters requests that Defendants Lyons and Aul expunge the disciplinary charges from his institutional record but offers no justification beyond an asserted violation of his due process rights. The Court briefly notes that its equitable discretion to expunge an individual's government files – especially a prisoner's disciplinary record – is narrow. *Reyes v. Supervisor of DEA*, 834 F.2d 1093, 1098 (1st Cir. 1987) (citing *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975)). While other circuits have acknowledged that a prisoner has a limited due process right to have erroneous information expunged from his prison file, *Paine v. Baker*, 595 F.2d 197, 199 (4th Cir. 1979), and specifically where procedural due process rights have been denied during institutional disciplinary hearings, *Bradley v. Coughlin*, 671 F.2d 686, 690 n.9 (2d Cir. 1982), Mr. Betters has not pointed this Court to any binding precedent to demonstrate this Court should expunge his disciplinary

---

[3]   As Defendants correctly observe, Mr. Betters' sought remedies are limited by the Prison Litigation Reform Act. *See* 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *see also Harris v. Wall*, 217 F. Supp. 3d 541, 553 (D.R.I. 2016).

11

record of the infractions at the center of his Complaint. Thus, the Court dismisses Mr. Betters' request to expunge the disciplinary infractions on his record.

As explained above, Mr. Betters has not alleged facts sufficient to show a denial of procedural due process. Further, he appealed his disciplinary charges, but his appeals were denied. Mr. Betters situation does not rise to the level of the unusual or extreme case warranting expungement. *See Linn*, 513 F.2d at 927; *Reyes*, 834 F.2d at 1098.

Thus, the Court dismisses Mr. Betters' request to expunge the disciplinary infractions on his record.

### F. Qualified Immunity

Defendants Lyons, Aul and Embrey contend that they are entitled to qualified immunity in their individual capacities. Given the absence of a constitutional violation, the Court need not reach Defendants Lyons, Aul and Embrey's qualified immunity arguments at this stage of the motion to dismiss. While the Defendants do not raise qualified immunity as to Defendant Powell specifically, the Eight amendment analysis above suggests that the Court should consider whether he is entitled to such protections.

"The qualified immunity doctrine provides defendant public officials an immunity from suit and not a mere defense to liability." *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Courts apply a two-part test when evaluating qualified immunity: "(1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right;

and (2) if so, whether the right was 'clearly established' at the time of the defendant's alleged violation." *Id.* at 268-69 (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

Here, the Court has concluded that Mr. Betters states a plausible claim for a violation of a constitutional right, precluding qualified immunity at step one. *See id.* As for step two, Powell is also not entitled to qualified immunity, as clearly established law as of September 11, 2023, prohibited the use of pepper spray on Mr. Betters who posed no reasonable threat. *See Segrain*, 118 F.4th at 65 (concluding defendant was not entitled to qualified immunity in an analogous factual circumstance in part because "clearly established law as of June 28, 2018, prohibited [the defendant] from unnecessarily spraying [the plaintiff] with pepper spray at a time when he was restrained and did not pose any reasonable threat").

Thus, Defendant Powell is not entitled to qualified immunity.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that Defendants' Motion to Dismiss (ECF No. 10) is to be GRANTED IN PART and DENIED IN PART. Defendants Embrey, Lyons, and Aul are dismissed from this case. The remaining Defendants are Defendant Powell (for the alleged Eighth Amendment violation and common law assault and battery) and Defendant Moe (for the alleged Fourteenth Amendment due process violations) (*see* note 1 above).

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

9/30/2025